IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TONI M.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 6:19-cv-01684-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff Toni M. was denied Disability Insurance Benefits under Title II of the Social Security Act. She appeals to this Court, arguing that the Administrative Law Judge ("ALJ") erred by incorrectly finding that her Post-Traumatic Stress Disorder ("PTSD") was not severe, discounting her symptom testimony, and improperly evaluating medical opinions. Because the Commissioner of Social Security's ("Commissioner") decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

    The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). A reviewing court affirms the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1114–15

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

1 – OPINION AND ORDER

(9th Cir. 2021) (rejecting the standard of review from *I.N.S. v. Elias-Zacaria*, 502 U.S. 478 (1992) for SSI cases and reaffirming the substantial evidence standard). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner shows that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

Here, the ALJ at step two found that Plaintiff had degenerative disc disease. Tr. 18,[2] ECF No. 11. The ALJ found that Plaintiff "has the [RFC] to perform light work . . . except the claimant can only occasionally climb ladders, ropes and scaffold. She can frequently balance, crouch, crawl,

---

[2] "Tr." refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

2 – OPINION AND ORDER

kneel and stoop."³ Tr. 19. Based on the vocational expert's testimony, the ALJ concluded Plaintiff could perform past relevant work. Tr. 22–23. The ALJ thus determined that Plaintiff was not disabled. Tr. 23.

**I. Plaintiff's Symptom Testimony**

Plaintiff argues that the ALJ erred by not fully crediting her subjective symptom testimony as true. Pl.'s Op. Br. 6, ECF No. 12. Absent affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of her symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). But the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). The ALJ considers several factors, including:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

It is proper for the ALJ to consider the objective medical evidence in making a credibility determination. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). However, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not

---

³ Plaintiff argues that the ALJ erred in finding her mental impairments non-severe at step two. Pl.'s Op. Br. 12–13. The Commissioner responds that the alleged error is harmless. Def.'s Br. 12. A reviewing court may not reverse the ALJ's decision for errors that are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). An omission of other impairments at step two is harmless if the ALJ considered all the plaintiff's limitations when assessing the RFC and at steps four and five. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Buck v. Berryhill*, 869 F.3d 1010, 1048–49 (9th Cir. 2017). The ALJ here considered Plaintiff's mental limitations while construing Plaintiff's RFC and at step four. Tr. 19, 22–23. Any alleged error at step two is therefore harmless.

3 – OPINION AND ORDER

substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The Ninth Circuit has upheld negative credibility findings, however, when the claimant's statements at the hearing "do not comport with objective evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). "If the ALJ's credibility finding is supported by substantial evidence in the record, [this Court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff alleges various debilitating physical symptoms, including pain in her back, left hip, neck, arms, and legs, as well as panic attacks and difficulty being around unfamiliar men from her PTSD and anxiety. *See* Pl.'s Op. Br. 2–3; tr. 62, 212. Beginning with her physical impairments, Plaintiff testified that pain and soreness kept her from working in her previous job as a housekeeper. Tr. 34, 41. She described an incident around 1993 or 1994 where she was kicked by a horse, which she believes causes pain in her hips and legs today. Tr. 51. Her neck pain keeps her from lifting heavy objects. Tr. 52. Plaintiff recently went to urgent care for severe pain in her back, where she was given at-home exercises and prescribed hydrocodone. Tr. 52–53.

As to her mental impairments, Plaintiff testified that she has been having anxiety attacks since about 2003 and she suffers from night terrors. Tr. 47–48. She stated that four years ago Dr. Nguyen diagnosed her with PTSD. Tr. 48–49. Plaintiff described a situation with a hostile customer at her job at The People's Wellness Center that triggered her anxiety and PTSD symptoms. Tr. 50. She said the wellness center "definitely wasn't a good spot for [her]." Tr. 35.

The ALJ discounted Plaintiff's testimony for the following reasons: Plaintiff's testimony conflicted with the medical evidence; the existence of a treatment gap suggesting that Plaintiff's symptoms were not as severe as she claimed; and Plaintiff's ability to work part-time during the evaluative period. *See* tr. 20–21.

Regarding Plaintiff's pain symptoms, the ALJ discounted Plaintiff's testimony because her symptoms are not supported by the medical evidence. Tr. 20. The ALJ noted multiple x-rays and imaging of Plaintiff's back and hip that failed to show any abnormal findings. *See* tr. 21, 309–11, 316–18. The record also contained evidence that Plaintiff's physical exams only revealed normal limitations. Tr. 307–08. The ALJ further discounted Plaintiff's symptom testimony due to her lack of treatment, suggesting that her pain symptoms were not as severe as alleged. Tr. 20. Indeed, Plaintiff testified that her recent trip to urgent care was the first time she had been to a doctor in two years, and she does not take any medications on an ongoing basis. Tr. 53.

As to Plaintiff's claim that she suffered from PTSD and anxiety, the ALJ found there was a scarce record of Plaintiff engaging in mental health treatment. Tr. 20. What treatment is found in the record is limited to visits with a primary care physician, Dr. Nguyen, which predate Plaintiff's alleged onset date. Tr. 20, 274–87. The primary care records showed that Plaintiff had a prescription for anxiety medication and that a potential diagnosis of PTSD was discussed. *See* tr. 274–87. The ALJ noted that Plaintiff did not seek treatment during the evaluative period until the month of her hearing. Tr. 20.

Finally, in discounting the severity of Plaintiff's physical and mental symptoms, the ALJ noted that Plaintiff had "been able to work on a part-time basis during the evaluative period." Tr. 20. Based on the reasons above, the ALJ concluded that Plaintiff's subjective "symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 20.

Plaintiff first argues that the ALJ failed to carefully consider or cite the objective evidence. Pl.'s Op. Br. 6–7. But the Court disagrees because, as noted above, the ALJ's decision adequately supported its determination on Plaintiff's testimony. Tr. 20–21. And if there is "substantial evidence in the record, [this Court] may not engage in second-guessing." *Thomas*, 278 F.3d at 959.

5 – OPINION AND ORDER

Plaintiff next challenges the ALJ's reliance on her limited treatment and contends that the ALJ should have inquired into why Plaintiff failed to seek treatment. Pl.'s Op. Br. 7–8. But an ALJ, when "assessing a claimant's credibility . . . may properly rely on 'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Molina*, 674 F.3d at 1113 (citation omitted). And Plaintiff's belief that the ALJ should have inquired further is misplaced because, as the Commissioner correctly notes, the record showed that Plaintiff was awaiting new insurance after moving to Oregon. Def.'s Br. 5–6, ECF No. 13 (citing tr. 282, 285 (discussing how Plaintiff was waiting to get health insurance from either her job or Oregon Medicaid)). The ALJ also specifically asked Plaintiff about why she stopped seeking medical care and, in response, she failed to mention an inability to afford care. Tr. 54. Instead, she discussed her discomfort with the treating doctor. Tr. 54. While an ALJ has a duty to develop the record, that only applies when there are "any conflicts or ambiguities in it." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017). Because the record or Plaintiff's testimony did not suggest any conflicts or ambiguities, the ALJ did not fail to develop the record.

Plaintiff's final argument is that the ALJ incorrectly considered her part-time work. Pl.'s Op. Br. 8–9. During the evaluative period, Plaintiff worked part-time for a cleaning business and a marijuana dispensary. Tr. 34, 36, 41. Plaintiff testified that she left the cleaning business because the pace was too much for her. Tr. 34, 41. Plaintiff also testified that she stopped working at the dispensary because it was not "a good spot for [her]." Tr. 36, 50. The ALJ interpreted this part-time work as discounting the severity of Plaintiff's symptoms. *See* tr. 20. Plaintiff's argument fails because when "evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision." *Batson*, 359 F.3d at 1193. And while Plaintiff's

interpretation is rational, the ALJ's interpretation discounting her subjective testimony was also rational and supported by substantial evidence.

## II. Medical Testimony

Plaintiff next argues that the ALJ erred in weighing multiple medical opinions. Pl.'s Op. Br. 9–12. "An ALJ is not required to take medical opinions at face value, but may take into account the quality of the explanation when determining how much weight to give a medical opinion." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). "To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "[A]n [ALJ] may [also] disregard [a] medical opinion that is brief, conclusory, and inadequately supported by clinical findings." *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015) (per curiam).

Plaintiff challenges the ALJ's evaluation of multiple medical opinions. The Court addresses each in turn.

### A. Dr. Harvey

S. Harvey, D.O., met with Plaintiff in June 2016. Tr. 299. After conducting a forty-minute assessment, Dr. Harvey found that Plaintiff presented symptoms consistent with PTSD. Tr. 303. He also found that while Plaintiff could accept instructions from supervisors, interact with co-workers, and complete simple tasks, she would still struggle to complete a normal workday without breaks. Tr. 303–04. The ALJ discounted Dr. Harvey's opinion for two reasons. First, the ALJ noted that Plaintiff gave conflicting testimony to Dr. Harvey and the ALJ about why Plaintiff left a previous job. Tr. 22. Second, the ALJ specifically focused on Plaintiff's assertions that physical limitations prevented her from working, unlike the mental health limitations she reported to Dr. Harvey. Tr. 22.

Plaintiff argues that the ALJ failed to give clear and convincing reasons to discount Dr. Harvey's opinion. Pl.'s Op. Br. 9. The ALJ's proffered reasons focused on inconsistencies with Plaintiff's daily activities and testimony. Tr. 22. And important here, "[i]f a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the . . . opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citations omitted). Because the ALJ found Plaintiff not credible and Dr. Harvey's opinion was based on Plaintiff's self-reports, the ALJ could discount Dr. Harvey's opinion for that reason. The ALJ also considered Plaintiff's past work as a housekeeper and noted that Plaintiff complained of physical difficulties, not mental limitations. Tr. 22, 38. Noted inconsistencies between a plaintiff's daily activities and a physician's opinion can constitute substantial evidence. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

For these reasons, the ALJ did not err in assigning Dr. Harvey's opinion little weight.

**B. Dr. Kauffman**

Darrel Kauffman, M.D., met with Plaintiff for thirty minutes in June 2016. Tr. 294. Dr. Kauffman reviewed Plaintiff's functional report but lacked access to any of her objective medical evidence, including films or imaging. Tr. 294. Dr. Kauffman's opinion differed from Plaintiff's RFC in that Dr. Kauffman found that Plaintiff required manipulative and environmental limitations. *Compare* tr. 297–98 *with* tr. 19. The ALJ gave little weight to Dr. Kauffman's opinion because "it is not based on objective medical evidence and instead relies on the claimant's subjective allegations." Tr. 22.

The ALJ did not err here. Because Dr. Kauffman admitted to not having Plaintiff's objective medical records, the ALJ could conclude that his opinion was based on Plaintiff's self-reports. And because the ALJ properly discounted Plaintiff's subjective symptom testimony, the

ALJ could discount Dr. Kauffman's testimony. *Ghanim*, 763 F.3d at 1162. On this basis alone, the Court finds that the ALJ did not err.

### C. State Agency Non-Examining Consultants

Serigiy Barsukov, Psy.D., and Susan South, Psy.D., were non-examining psychological consultants. Tr. 21. They opined that Plaintiff's anxiety limited her to performing simple, routine tasks and jobs that did not require her to work around unfamiliar men. Tr. 72–73, 90–91. An ALJ must cite to specific evidence in the record to reject a non-examining physician's opinion. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

The ALJ gave their opinions little weight because they are not supported by the objective evidence. Tr. 21. The ALJ noted Plaintiff's numerous part-time jobs during the evaluative period, and that Plaintiff did not cite her anxiety or inability to work with men as a reason for ceasing to work. Tr. 21. Rather, Plaintiff explained that her physical limitations stopped her from working. Tr. 36, 41. Because the ALJ referenced the conflict between the non-examining consultants' opinions and Plaintiff's own testimony, her past work experiences, and her lack of mental health treatment, the ALJ did not err in giving their opinions little weight.

### CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 28th day of September, 2021.

_s/Michael J. McShane_____
Michael J. McShane
United States District Judge

9 – OPINION AND ORDER